{¶ 33} I respectfully dissent.
 {¶ 34} The workers' compensation system in Ohio functions under the mandate of R.C. 4123.95 that "Sections 4123.01 to 4123.94, inclusive, of the Revised Code shall be liberally construed in favor of employees and the dependents of deceased employees." Here we are being asked to construe R.C. 4123.52. The construction placed upon R.C. 4123.52 by the majority opinion is simply not "liberally * * * in favor of employees."
 {¶ 35} Daniel Cocherl was injured on the job in 1989. He was sent a check for almost $4,000 on February 28, 1995. The check was received at the office of Mr. Cocherl's attorney on March 3, 1995. On March 2, 2005, counsel for Mr. Cocherl filed a *Page 15 
new C-86 motion, one day less than ten years from the date the check was received but two days plus ten years after the date the check was mailed.
 {¶ 36} R.C. 4123.52 as then in effect had a ten-year statute of limitations — ten years from the last payment. The Bureau of Workers' Compensation ("BWC") for its bureaucratic convenience, wishes to define the date of the last payment as the date it issues the check, whether the check is ever received or not. The mandate from the legislature is to liberally construe R.C. 4123.52 in favor of injured workers, not to construe R.C. 4123.52 in favor of the BWC or bureaucratic efficiency. Nor is the statutory mandate to defer to the BWC's self-serving interpretation of when money is paid.
 {¶ 37} "Your check is in the mail" is a running joke in everyday life. We should not let the BWC say "your check is in the mail" and consider that as payment. Payment occurs when the check is received by the intended recipient. No amount of case law or BWC interpretation can allow us to ignore the legislative mandate of R.C. 4123.95 or the reality of when payment has actually occurred. I believe that the majority opinion fails to follow the statutory mandate and, in the process, cuts an injured worker off from benefits he should receive.
 {¶ 38} Again, I respectfully dissent. *Page 1